**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
*Electronically Filed*

Civil Action No. _____

INTERSTATE MEDICAL LICENSURE
COMPACT COMMISSION
5306 S Bannock ST Ste 205
Littleton  CO  80120

    *Plaintiff*

v.

WANDA BOWLING
**Serve:**  Wanda Bowling
        3948 Legacy Drive #106
        Mailbox 365
        Plano  TX  75023

    *Defendant*

---

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND DAMAGES**

---

Comes the Interstate Medical Licensure Compact Commission, (hereinafter "Commission") as the Plaintiff in the above-entitled action, and for its Complaint against the Defendant, Wanda Bowling, hereby seeks the intervention and relief by this Court as follows:

### A.   PRELIMINARY STATEMENT

1.   This action is brought pursuant to §17 (c) of the Interstate Medical Licensure Compact (hereinafter "Compact") and its authorized rules.  A true copy of the compact statute as enacted by the Legislature of the State of Colorado and codified at

C.R.S. §24-60-3602 *et seq.* is attached hereto and incorporated herein as Exhibit A. This case arises under the U.S. Constitution; the Federal Declaratory Judgment Act, 28 U.S.C. §1331; and the provisions of the foregoing interstate compact which is authorized under Art. I, §10, Cl.3 of the U. S. Constitution but for which the consent of Congress was not required. The Defendant has materially breached the terms and provisions of an INDEPENDENT CONTRACTOR AGREEMENT by and between Plaintiff and the Defendant with respect to Defendant's failure and refusal to perform certain provisions of said contract relating to return of certain deliverables, hardware, software, tools, equipment, and other materials provided for Defendant's use by the Plaintiff as well as her failure and refusal to deliver to the Plaintiff all tangible documents and materials reflecting, incorporation, or based on the Confidential Information, failure and refusal to permanently erase all of the Confidential information from Defendant's computer systems; and failure and refusal to certify in writing to the Plaintiff that Defendant has complied with the requirements of this agreement as required under Page 3, Ownership of Materials and Intellectual Property at paragraph 1, and Page 4, Termination, sub-section 3 of the above referenced INDEPENDENT CONTRACTOR AGREEMENT entered into and executed by the above referenced parties on or about April 2019, attached hereto and incorporated by reference as if set forth herein as Exhibit B.

  2. The Commission seeks declaratory relief that the Defendant is in default of her obligations under the foregoing provisions of the Agreement, said acts or failure to act by Defendant constitute a material breach of contract, misrepresentation and fraud and that, as a proximate result of said actions by Defendant, the Plaintiff has incurred

monetary damages, both previously and prospectively, including but not limited to, other costs and expenses to compensate for Plaintif's recovery of its property as well as damages for indemnity against potential violations of privacy and related claims to third parties and attorneys' fees and costs required by the above referenced contract. Said damages are in excess of $75,000.

3.   As a further consequence of Defendant's affirmative acts and failure to comply with her obligations under the Agreement, the Commission is also entitled to both temporary and permanent injunctive relief compelling the Defendant to specifically perform the terms and of the Agreement, and ordering Defendant to pay the monetary damages, reasonable attorneys' fees and costs incurred by the Commission as a result of this action necessitated to enforce the Agreement due to her default pursuant to the terms of the compact.

### B.   JURISDICTION AND VENUE

4.   This action is filed pursuant to § 17 (c) of the Interstate Medical Licensure Compact and §§2201 and 2202 of Title 28 of the United States Code. This court has jurisdiction over this action under §1332 of Title 28 of the United States Code as the amount in controversy exceeds the jurisdictional monetary threshold of this Court and the plaintiff and defendant are citizens of different states. Venue lies in this court under § 17 (b) (c) of the IMLC, which provides that the Interstate Commission may . . . initiate legal action in the federal district where the Interstate Commission has its principal offices . . . and that "The remedies herein shall not be the exclusive remedies of the Interstate

3

Commission. The Interstate Commission may avail itself of any other remedies available under state law or regulation of a profession. (See Exhibit A, p. 13.)

### C.   PARTIES

5.   The Plaintiff in this action is the Interstate Medical Licensure Compact Commission. This body is an interstate administrative agency established by the IMLC statutes creating the Commission, which have been enacted in twenty-nine (29) states, including Colorado. (See Exhibit A, p. 11, § 14 (a) – (d).)

6.   The Defendant, Wanda Bowling, is an individual and resident of the State of Texas of the United States and is contractually obligated to the Plaintif under the provisions of the Agreement and its duly authorized administrative rules.

### D.   FACTUAL ALLEGATIONS

7.   The Defendant's Independent Contract Agreement expired on June 30, 2020. On or about July 2, 2020, the IMLCC Executive Director, Marschall Smith, sent an email demand to Defendant requesting transfer of the administrative rights or to provide the passwords to the Software and other intellectual property of the Plaintiff so that Smith could make the change to another alternate technology administrator. The Plaintiff had been informed by its vendors that, without this information, the Commission would be unable to continue to facilitate the processing of expedited licenses as required by the IMLCC compact statute and compact rules. As the person named as the "Super Administrator" on behalf of the IMLCC data system, (imlcc.net and its associated "G Suite" services), Defendant failed to provide the credentials which she held only by virtue of her previous Independent Contractor Agreement dated April 4, 2019.

4

8. On July 15, 2020, Defendant was again asked by the Chair of the IMLCC Technology Committee to "transfer administrative rights to imlcc.net or over to (him) at jesse.cushman@nebraska.gov or at jcush80@gmail.com." As of this date Defendant has failed to do so.

9. A final demand was provided to the Defendant in a written letter dated July 20, 2020 in which Defendant was informed that her failure to return this information as requested within the next 48 hours and the remaining information described in the Termination provisions of the Independent Contractor Agreement within five (5) calendar days would result in the filing of litigation seeking an appropriate order compelling the return of this information as well as any other claims for relief to which the IMLCC is entitled, without further notice. A true copy of said letter is attached hereto and incorporated herein by reference as Exhibit C.

### E.   CLAIMS FOR RELIEF

### COUNT I – INJUNCTIVE RELIEF SPECIFIC PERFORMANCE

10. The Commission reiterates and realleges paragraphs 1 through 9 of the Complaint as if fully set out herein.

11. Based upon the foregoing allegations, the Defendant is in violation of the terms of the Agreement entered into by the parties.

12. The actions of Defendant as described herein constitute material breaches of the provisions of the Agreement, entitling the Commission to an order temporarily and permanently enjoining Defendants from violations of the Agreement and the return of all

of Plaintiff's property and destruction and erasure of the information stored and certification of completion of all obligations, and other relief.

13. As a proximate result of said actions by Defendant, Plaintiff has incurred monetary damages and attorneys' fees and costs.  Said damages are in excess of the jurisdictional threshold of this Court.

14. The Commission has no plain, speedy, or adequate remedy at law and will suffer irreparable harm unless injunctive relief is granted.

## COUNT II – DAMAGES, FEES AND COSTS

15. The Commission reiterates and realleges paragraphs 1 through 14 of the Complaint as if fully set out herein.

16. The Commission has incurred monetary damages including reasonable attorneys' fees and costs in the enforcement of the Agreement.

17. Pursuant to §17(b) & (c) of the Compact, the Commission is entitled to an award of its attorneys' fees and costs upon prevailing on its claims herein.

**WHEREFORE**, the Commission requests the following:

1. That the rights and duties of the parties to the Compact as applied to the actions of Defendants herein be adjudicated and declared, and that Defendant's conduct be determined in violation of the Compact and that specific performance by the Defendant be ordered as alleged herein and as may be further developed by the proof presented in further support of these claims;

2. That a temporary and permanent injunction be granted to the Commission against the Defendant, directing Defendant and all other persons in active concert and

participation with her to: A) comply with the provisions of the Agreement and its including those provisions requiring the return of all tangible documents and materials reflecting, incorporation, or based on the Confidential Information;  B) permanently erase all of the Confidential information from Contractor's computer systems; and C) certify in writing to the Plaintiff that Defendant has complied with the requirements of this agreement as required under **Page 3.**, **Ownership of Materials and Intellectual Property at paragraph 1,** and Page 4., Termination, sub-section 3 of the above referenced INDEPENDENT CONTRACTOR AGREEMENT;

    3.    That Plaintiff be awarded all actual and special damages against Defendant proximately resulting from her breaches of contract and to indemnify the Plaintiff against claims of third parties concerning the failure to return the intellectual and tangible property of the Plaintiff or to destroy the confidential information from Defendant's computer systems;

    4.    For an award of the Commission's costs and attorneys' fees pursuant to §17(c) of the Compact;

    5.    Trial by jury of all issues properly so triable;

    6.    Any and all other relief to which the Commission may be justly entitled.

    Respectfully submitted,
*s/ Richard L. Masters*
Richard L. Masters
MASTERS, MULLINS & ARRINGTON
1012 South Fourth Street
Louisville, Kentucky 40203
Telephone: 502.582.2900
Email: lawsaver@aol.com
Attorney for Plaintiff, Interstate Medical Licensure Compact