IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02942-CMA-NYW

INTERSTATE MEDICAL LICENSURE COMPACT COMMISSION,

    Plaintiff,

v.

WANDA BOWLING,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. # 39), Plaintiff's Motion for Review of Clerk's Determination as to Entry of Default (Doc. # 45), and Plaintiff's Motion to Dismiss Remaining Counterclaims of Defendant (Doc. # 48). The motions are denied for the following reasons:

    **(1)**     **Plaintiff's Motion for Default Judgment (Doc. # 39):** This motion fails because the Clerk has not yet entered default in this case. "Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment." *Watkins v. Donnelly*, 551 Fed. Appx. 953, 958 (10th Cir. 2014). Because Plaintiff has not met this prerequisite, Plaintiff is not entitled to default judgment, and its motion must be denied.

(2)     **Plaintiff's Motion for Review of Clerk's Determination as to Entry of Default (Doc. # 45):** This motion fails because it seeks relief that would contravene both Tenth Circuit case law and F.R.C.P. 55.

Plaintiff argues that this Court can order default judgment under F.R.C.P. 55(b)(2) even without a Clerk's default. (Doc. # 45). The Court disagrees. The Tenth Circuit has explicitly stated that a clerk's default must precede entry of default judgment: "Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment." *Watkins*, 551 Fed. Appx. at 958; *see also Garrett v. Seymour*, 217 Fed.Appx. 835, 838 (10th Cir.2007) (describing the entry of default as "a prerequisite for the entry of a default judgment") *and* 10A Charles Alan Wright et al., Federal Practice & Procedure § 2682, at 13 (3d ed. 1998) ("Prior to obtaining a default judgment . . ., there must be an entry of default . . . ."). Plaintiff cites no authority to suggest that this Court can ignore this clear directive from the Tenth Circuit.

Furthermore, even if this Court could issue a default judgment in the absence of a clerk's default, the Court sees no reason to do so in this case. Under Rule 55, default judgment is appropriate only where the defendant "has failed to plead or otherwise defend" the case." F.R.C.P. 55(a). Such is not the case here. Defendant has entered her appearance, filed counterclaims, and motions and other filings. (*See, e.g.* Docs. ## 7, 11, 24). Thus, the Court finds that Defendant has actively defended this case, and a default judgment is not appropriate.

The Court notes, however, that although Defendant has submitted numerous motions and briefs, she has failed to file an answer to Plaintiff's complaint. Therefore, Defendant is ordered to file an answer in accordance with F.R.C.P. 12 on or before January 6, 2022.

**(3)     Plaintiff's Motion to Dismiss Remaining Counterclaims of Defendant (Doc. # 48):** This motion is denied as untimely and without merit.

Plaintiff's Motion to Dismiss Remaining Counterclaims of Defendant is, in essence, a motion for reconsideration. Plaintiff has already filed a Motion to Dismiss Defendant's Counterclaims on December 1, 2020 (Doc. # 17), which this Court granted in part and denied it in part on June 23, 2021 (Doc. # 33). Plaintiff is now asking the Court to reconsider that decision and to dismiss all of Plaintiff's counterclaims. This request is denied.

First, Plaintiff's Motion is untimely. A motion to dismiss counterclaims must generally be filed within 21 days after the counterclaims are filed. F.R.C.P. 12(a)(1)(B). A motion for reconsideration must generally be filed within 28 days after the challenged order is issued. *See, e.g. Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1230-31 (D.N.M. 2015). This Motion missed both deadlines: the Motion was filed nearly a year after Defendant filed her counterclaims (*see* Doc. # 11) and more than 60 days after the Court's order of partial dismissal (*see* Doc. # 33). Therefore, the Motion is untimely, and the Court need not consider it.

Furthermore, even if the Court were to entertain Plaintiff's motion for reconsideration, the motion would nevertheless fail on the merits. "A motion to

reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *Artificial Nail Techs., Inc. v. Flowering Scents, LLC*, No. 2:06CV609DAK, 2007 WL 3254744, at *2 (D. Utah Nov. 2, 2007); *see also Vreeland v. Huss*, No. 118CV00303PABSKC, 2020 WL 3447768, at *2 (D. Colo. June 24, 2020) (quoting *Artificial Nail Techs.*). Motions for reconsideration are generally appropriate only when there is (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff has failed to demonstrate the existence any of these circumstances, so its Motion must fail as a matter of law.

For the foregoing reasons, the Court ORDERS as follows:

(1)  Plaintiff's Motion for Default Judgment (Doc. # 39) is DENIED;

(2)  Plaintiff's Motion for Review of Clerk's Determination as to Entry of Default (Doc. # 45) is DENIED;

(3)  Plaintiff's Motion to Dismiss Remaining Counterclaims of Defendant (Doc. # 48) is DENIED;

(4)     Defendant is ORDERED to file an answer to Plaintiff's Complaint (Doc, # 1) on or before January 17, 2021. Failure to file an answer may result in a default judgment being entered against Defendant.

DATED:  December 30, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge