IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02942-CMA-NRN

INTERSTATE MEDICAL LICENSURE COMPACT COMMISSION,

Plaintiff,

v.

WANDA BOWLING,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT/COUNTERCLAIMANT MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT
(Dkt. #79)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This matter is before the Court on Ms. Bowling's Motion for Leave to File First Amended Complaint (the "Motion to Amend") (Dkt. #79), referred by Judge Christine M. Arguello. (Dkt. #80.) Plaintiff/Counter Defendant Interstate Medical Licensure Compact Commission (IMLCC) responded to the Motion to Amend on October 24, 2022. (Dkt. #83.)

The Court heard argument from the parties on November 1, 2022. (*See* Dkt. #84.) The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Amend be **DENIED.**

## BACKGROUND

IMLCC initiated this lawsuit against Ms. Bowling on September 29, 2020. (Dkt. #1.) In short, IMLCC alleged that it had hired Ms. Bowling as an independent contractor and, after expiration of the agreement between the parties, Ms. Bowling refused to transfer administrative rights and passwords to certain software and programs so that IMLCC could transition the software to Ms. Bowling's successor. (*See generally id.*) IMLCC seeks an injunction requiring Ms. Bowling to turn over the relevant information and damages associated with her conduct.

Ms. Bowling, for her part, asserted five counterclaims against IMLCC, including misclassification, wrongful discharge, retaliatory discharge in violation of the False Claims Act, libel, and intentional infliction of emotional distress ("IIED"). On June 23, 2021, then-Magistrate Judge Wang[1] recommended that Ms. Bowling's counterclaims for misclassification and retaliatory discharge in violation of the False Claims Act be dismissed. (*See* Dkt. #33.) She also recommended dismissal of Ms. Bowling's wrongful discharge and IIED claims to the extent they were premised on federal law. (*Id.*) Ms. Bowling did not object to this Recommendation. Judge Arguello adopted the Recommendation on July 16, 2021. (Dkt. #38.) Thus, Ms. Bowling's remaining claims are for defamation and state law claims for wrongful termination and IIED. (*Id.*)[2]

---

[1] Judge Wang was sworn in as a United States District Judge on July 22, 2022. The matter was reassigned to this Court on August 2, 2022. (*See* Dkt. #66.)

[2] IMLCC later sought default judgment against Ms. Bowling (*see* Dkt. # 39) and, when the Clerk did not enter default, IMLCC sought review of the Clerk's determination. (Dkt. #45.) IMLCC also sought dismissal of Ms. Bowling's remaining counterclaims. (Dkt. #48.) Judge Arguello denied both motions and upheld the Clerk's refusal to enter default. (Dkt. #52.)

Now, Ms. Bowling seeks to amend her counterclaims to re-plead her dismissed misclassification claim with "adequate legal support regarding choice of law" and to assert a new abuse of process claim. Further, Ms. Bowling attempts to "expand" on her claims for libel and IIED based on IMLCC's suit against her. (*See* Dkt. #79-1 at 42.)

## LEGAL STANDARDS

Scheduling orders are contemplated and designed to offer a degree of certainty in pretrial proceedings, ensuring at some point that the claims and evidence are fixed so that parties may proceed to trial. *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, *6 (D. Colo. Apr. 9, 2010). They are not "optional deadlines that can simply be ignored or amended on a whim." *Dedmon v. Continental Airlines, Inc.*, 13-cv-0005-WJM-NYW, 2015 WL 4639737 (D. Colo. Aug. 8, 2015).

Judge Wang, when serving as the magistrate judge on the case, set the deadline to amend pleadings as March 21, 2022. (Dkt. # 62). Thus, allowing amendment would mean modifying the Scheduling Order, which requires good cause. Fed. R. Civ. P. 16(b)(4) (A scheduling order "may be modified only for good cause and with the judge's consent.") "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed. *Id*. Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order. *Colo. Visionary Acad. v. Medtronic, Inc.*, 194

F.R.D. 684, 687 (D. Colo. 2000). The party seeking an extension is normally expected to show at least good faith on its part and some reasonable basis for not meeting the deadline. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

If good cause to amend the Scheduling Order exists, the Court then turns to Rule 15(a)(2) which states, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave to amend shall be freely granted when justice so requires. *See, e.g.*, *Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D.Colo.1995). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal . . . . The relevant standard in determining whether claims are futile is the same standard that is applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Dorough v. Am. Family Mut. Ins. Co.*, No. 15-cv-02388-MSK-KMT, 2016 WL 1426968, at *2 (D. Colo. Apr. 11, 2016).

**A. Ms. Bowling has not shown good cause to amend the Scheduling Order under Rule 16(b)(4).**

The Court does not find good cause to amend the Scheduling Order. The deadline to amend pleadings elapsed more than six months ago. Ms. Bowling's motion does not expressly address good cause, but she appears to suggest that she only learned of these claims in July 2022 after receiving IMLCC's delayed initial disclosures.

This is not persuasive. Ms. Bowling seeks leave to amend the misclassification claim with "adequate legal support regarding choice of law." Nothing in IMLCC's initial disclosures would have had any bearing on which state's law she brings her claim under. Moreover, the proposed misclassification claim does not appear to rely on facts Ms. Bowling would not have otherwise been aware of before the March 21, 2022 deadline to amend pleadings.[3]

For example, as evidence that she was improperly classified as an independent contractor, Ms. Bowling cites an April 2017 press release declaring her the Program Specialist. (*See* Dkt. #79-1 at 25.) Ms. Bowling made this same allegation in her first Counterclaim. (*See* Dkt. #11 at 15.) The other evidence Ms. Bowling now cites in the Amended Counterclaim appears to be information that Ms. Bowling had knowledge of since the beginning of this suit, even if not initially pled. She notes that she was given business cards, expected to give a weekly oral report to the Executive Director, and given certain duties. She also alleges that each of the ten contracts she had with IMLCC imposed upon her the duty to "develop and deploy an information system for licensure." Ms. Bowling has not shown good cause to amend her counterclaims now, when she has known this information since the beginning of the suit. Further, this claim was dismissed as of July 16, 2021. (Dkt. #38.) There is no justification for waiting more than a year to seek leave to amend this claim to address the deficiencies previously identified by Judge Wang.

---

[3] In fact, the majority of the proposed Amended Complaint with respect to the misclassification claim is simply Ms. Bowling's recitation of Colorado and Texas law.

Nor has Ms. Bowling demonstrated good cause to allow an abuse of process claim. The thrust of her argument is that, upon receiving IMLCC's initial disclosures, she learned that IMLCC was unable to articulate its damages. According to Ms. Bowling, this means that IMLCC filed a frivolous lawsuit against her. However, IMLCC's appears to have provided Ms. Bowling with some computation of damages. (*See e.g.*, Dkt. #15[4]; Dkt. #57.) Ms. Bowling further claims that IMLCC has failed to provide source documentation for the claimed injuries, but this is not the first time she has raised this issue. In fact, she raised it as early as March 10, 2022 (before the deadline to amend pleadings lapsed) via a Motion to Compel. (*See* Dkt. #60.) The near six-month delay in asserting this claim should not be excused absent good cause, and Ms. Bowling has offered none.

Further, the remainder of Ms. Bowling's proposed abuse of process claim relies on factual allegations that she appears to have had knowledge of since the outset of the litigation, including the allegations concerning the creation and operation of the Gsuite, PayPal, and GoDaddy accounts, and possession of the credentials. (*See* Dkt. #79-1 at 33–36.) Thus, the Court finds that Ms. Bowling has not been diligent in seeking to add this claim. Her Motion to Amend should be denied.[5]

Finally, Ms. Bowling has failed to show good cause for her request to "expand the libel and IIED sections to illustrate the elements and split out the multiple counts of

---

[4] The Court notes that Judge Wang ultimately struck Dkt. #57 because it appeared, in fact, to be a Scheduling Order that Ms. Bowling did not help prepare.

[5] To the extent Ms. Bowling can demonstrate that IMLCC has no evidence to support its claim for damages, she may move for summary judgment on the issue. This is a more appropriate path than an abuse of process claim, particularly where, as set forth below, there are no non-conclusory allegations of IMLCC's improper ulterior motive in bringing this suit, as is required to sustain an abuse of process claim.

these offenses." As indicated, she "expanded" the "supporting legal authority," but pleadings require factual allegations, not legal citations. And, as set forth below, to the extent her proposed amendments to expand her libel and IIED claims are based on conduct that occurred during the course of this litigation, such claims are futile.[6] To the extent Ms. Bowling simply wishes to support her existing claims with new facts rather than asserting a new substantive claim, amendment is unnecessary. Instead, any additional facts can be included in the final pre-trial order. And, if appropriate, Ms. Bowling can provide evidence of these facts at the dispositive motion stage.

**B. Leave to amend should also be denied under Rule 15(a).**

Even if Ms. Bowling had demonstrated good cause amend the Scheduling Order to permit amending her claims, justice does not require the proposed amendments. As set forth above, these amendments are unduly delayed. The belated amendments are also prejudicial to IMLCC particularly given the fast-approaching discovery and dispositive motions deadlines.

The Court first addresses Ms. Bowling's misclassification claim. Permitting the addition of what, broadly construed, appears to be a wage claim is unduly prejudicial to IMLCC. This case—which has proceeded for more than a year on claims for wrongful termination, defamation, and IIED—would change dramatically in scope if the Court allows Ms. Bowling's proposed amendment. Though Ms. Bowling claims she does not need any further discovery to support this claim, IMLCC would almost certainly need discovery to defend against it. The discovery deadline lapses in just a few days on

---

[6] Additionally, with respect to the expansion of the IIED claim, it appears that Ms. Bowling failed to comply with D.C.ColoLCivR. 15.1(b), which requires the movant to underline the text to be added.

7

November 18, 2022, the dispositive motion deadline is January 6, 2023, and the Final Pretrial Conference is set for March 28, 2023. Justice does not require amendment in these circumstances. Instead the case should proceed to trial in its current form.

The abuse of process claim, in addition to being untimely, is also futile. Under Colorado law, a claim for abuse of process requires a plaintiff to allege and prove the following elements: (1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, that is, use of a legal proceeding in an improper manner; and (3) resulting damage. *Lauren Corp. v. Century Geophysical Corp.*, 953 P.2d 200, 202 (Colo. App. 1998); *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994).

In upholding a trial court's dismissal of an abuse of process claim, the Colorado Court of Appeals has explained:

> The essence of the tort of abuse of process is the use of a legal proceeding primarily to accomplish a purpose that the proceeding was not designed to achieve. *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. App. 2005). Establishment of a prima facie case requires not only proof of an ulterior motive but proof of willful actions by the defendant in the use of process which are not proper in the regular conduct of a proceeding. *See Aztec Sound Corp. v. W. States Leasing Co.*, 32 Colo. App. 248, 252, 510 P.2d 897, 899 (1973); *see also Inst. for Prof'l Dev. v. Regis Coll.*, 536 F. Supp. 632, 635 (D. Colo. 1982) (quoting 1 Am.Jur.2d Abuse of Process § 13 (1962)) ("If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim."). The legal proceeding must be used in an improper manner, for example, to accomplish a coercive goal. *Am. Guar. & Liab. Co. v. King, supra; see Palmer v. Tandem Mgmt. Servs., Inc.*, 505 N.W.2d 813, 817 (Iowa 1993) ("The improper purpose is ordinarily an attempt to secure from another some collateral advantage not properly includable in the process itself and is a form of extortion in which a lawfully used process is perverted to an unlawful use.").

*Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006).

Here, Ms. Bowling claims that IMLCC's initiation of this suit, which she believes is baseless, constitutes abuse of process. "[W]hen the process alleged to have been abused entails . . . the very filing of a lawsuit . . . [t]he party asserting the abuse of process claim also has to show that the other party's claim is 'devoid of factual support or if supportable in fact, [has] no cognizable basis in law.'" *Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011) (quoting *Yadon v. Lowry*, 126 P.3d at 332, 337).

Ms. Bowling's abuse of process claim is futile because she has not plausibly alleged that IMLCC had any ulterior purpose in bringing this action, nor has she alleged willful action in the use of that process which is not proper in the regular course of the proceedings. Indeed, her abuse of process claim is partially premised on the fact that IMLCC has allegedly not been able to produce documentation supporting its claimed damages. This is not an abuse of process. And, though she argues there must have been some "political" motive for bringing the suit, such as to deflect blame from IMLCC to her, Ms. Bowling has already conceded that IMLCC did not, in fact, have access to the accounts to which it demanded access, which is the crux of this lawsuit. (*See* Dkt. #83-1, Ms. Bowling's Responses to IMLCC's Requests for Admissions, at 3–4 (admitting that Ms. Bowling did not transfer administrative rights for various accounts).) Absent plausible allegations that IMLCC seeks some collateral advantage from this lawsuit, Ms. Bowling's abuse of process claim would not survive a motion to dismiss. Accordingly, amendment should be denied.

To the extent Ms. Bowling seeks to add a new libel claim based on IMLCC's initiation of this suit, such claims likewise are futile. IMLCC retained counsel to

represent it in these proceedings, including by filing the Complaint. The Restatement (Second) of Torts § 586 (1977), which Colorado has adopted, *see Renner v. Chilton*, 351 P.2d 277 (Colo. 1960), provides:

> [a]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

"The purpose of this privilege, as described in Restatement (Second) of Torts § 586 comment a (1977), is to afford litigants the utmost freedom of access to the courts to preserve and defend their rights and to protect attorneys during the course of their representation of clients." *Club Valencia Homeowners Ass'n, Inc. v. Valencia Assocs.*, 712 P.2d 1024, 1027 (Colo. App. 1985). Put differently, attorneys have a limited privilege to make defamatory remarks during preparation for a judicial proceeding so long as the remarks have some relation to the proceeding. *Buckhannon v. US W. Commc'ns, Inc.*, 928 P.2d 1331, 1335 (Colo. App. 1996), *as modified on denial of reh'g* (May 30, 1996). The alleged defamation here—the contents of the Complaint and allegations made in the course of litigation—are part and parcel of this proceeding. Thus, the Court could not and should not entertain a claim that the allegations in the Complaint or the filing of this lawsuit constitutes defamation.

Finally, with respect to Ms. Bowling's request to expand her IIED claim to include a claim based on IMLCC's initiation of this suit, this proposed claim too is futile. IIED claims are reserved for only the most egregious conduct. The complained-of conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a

10

civilized community." *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999). "The mere fact that a party has filed a lawsuit against another party—even a meritless one—is conduct insufficiently outrageous to support a claim. *Partminer Worldwide Inc. v. Siliconexpert Techs. Inc.*, No. 09-cv-00586-MSK- MJW, 2010 WL 502718, at *4 (D. Colo. Feb. 10, 2010) (citing *Waskel v. Guaranty Nat. Corp.*, 23 P.3d 1214, 1222–23 (Colo. App .2000)). Thus, a claim for IIED based on the filing of a lawsuit, even if it is allegedly meritless, cannot survive and the Court should deny amendment.

In the Court's view, the present lawsuit has progressed too far to allow Ms. Bowling to drastically and belatedly transform the nature of the case.

## CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Ms. Bowling's Motion for Leave to File First Amended Complaint (Dkt. #79) be **DENIED.**

**Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order.** *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* **989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders).**

Date: November 15, 2022

_____
N. Reid Neureiter
United States Magistrate Judge