IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-02942-CMA-NRN

INTERSTATE MEDICAL LICENSURE COMPACT COMMISSION,

    Plaintiff,

v.

WANDA BOWLING,

    Defendant.

---

**ORDER AFFIRMING THE RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE (DOC. # 85)**

---

This matter is before the Court on the November 15, 2022 Recommendation (Doc. # 85) of United States Magistrate Judge N. Reid Neureiter, wherein he recommends denying Defendant/Counterclaimant Wanda Bowling's Motion for Leave to File First Amended Complaint (Doc. # 79). Ms. Bowling objects to that Recommendation.[1] (Doc. # 86.) For the following reasons, the Court affirms and adopts Judge Neureiter's Recommendation as an order of this Court.

---

[1] Ms. Bowling titled her filing "Motion to Reconsider and Objection." (Doc. # 86.) As the proper means of challenging a magistrate judge's report and recommendation is through a timely objection pursuant to Fed. R. Civ. P. 72(b)(2), the Court construes Ms. Bowling's filing as such an objection. *See United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996) (nothing that "motions for reconsideration [are] not the proper procedure for challenging the magistrate judge's recommendation.").

### I. BACKGROUND

Judge Neureiter's Recommendation provides a sufficient recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the Court will reiterate the factual background only to the extent necessary to address Ms. Bowling's Objection.

On October 4, 2022, Ms. Bowling sought leave to amend her counterclaims. Specifically, she seeks to replead her previously dismissed misclassification claim, to add a new abuse of process claim, and to "expand" upon her claims for libel and intentional infliction of emotional distress ("IIED") based on Plaintiff Interstate Medical Licensure Compact Commission's ("IMLCC") actions in bringing this suit against her. *See generally* (Doc. # 79-1.) Judge Neureiter recommends denial of Ms. Bowling's request to amend her pleadings. (Doc. # 85 at 1, 4–11.) Ms. Bowling timely filed her "Motion to Reconsider and Objection to the Report and Recommendation." (Doc. # 86.)

### II. LEGAL STANDARDS

#### A. REVIEW OF PLEADINGS BY A *PRO SE* PARTY

Because Ms. Bowling is proceeding *pro se*, the Court "review[s her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for [her] where [her] allegations are merely conclusory in nature and without supporting factual averments."

*United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [movant] in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

**B.     REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION**

A magistrate judge may issue orders on nondispositive motions only, but "[w]hether motions to amend are dispositive is an unsettled issue" in the Tenth Circuit. *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-CV-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020). Because denial of the motion for leave to amend may be viewed as dispositive if it precludes Plaintiff's claims, the Court treats Judge Neureiter's Recommendation as dispositive in this case.

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of*

*Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

C.  **AMENDMENT OF SCHEDULING ORDER AND COMPLAINT**

Because the deadline to amend pleadings has long passed, a two-step analysis governs whether amending or supplementing the Complaint—and thereby amending the Scheduling Order—at this juncture is proper under Rule 16(b)(4) and Rule 15 of the Federal Rules of Civil Procedure. Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This standard "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass' n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int' l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). Rule 16's good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* Rather than focusing on the bad faith of the movant or prejudice to the opposing party, Rule 16 "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

At step two, the Court turns to the requirements of Rule 15. Ms. Bowling seeks to both amend her initially-pled misclassification, libel, and IIED claims, as well as to supplement her counterclaims by adding an abuse of process claim. *See generally*

4

(Doc. # 79-1.) The standard of review for permitting supplementation under Rule 15(d) is the same as that under Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep' t of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020). Further, the Court has "broad discretion" when deciding whether to permit a party to serve a supplemental pleading. *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

### III.   ANALYSIS

**A.   MODIFICATION OF THE SCHEDULING ORDER**

The Court, like Judge Neureiter, notes that Ms. Bowling did not expressly address the good cause standard in her motion to amend. (Doc. # 85 at 4); *see also* (Doc. # 79.) Ms. Bowling only asserted that late amendment of her pleadings should be permitted because IMLCC's late-filed initial disclosures "were telling; thus this Amended Counterclaim was necessary." (Doc. # 79 at 1.) In her Objection Ms. Bowling notes several challenges to requesting amendment prior to the March 21, 2022 deadline. (Doc. # 86 at 3–5.) These include (1) the deadline for amendments was set the same

day former Magistrate Judge Nina Y. Wang held a scheduling conference which resulted in Ms. Bowling having "zero time to amend her complaint," (2) Ms. Bowling's time was consumed by responding to IMLCC's multiple motions filed between August and September 2021, and (3) IMLCC's alleged repeated failure to send Ms. Bowling its initial disclosures despite multiple hearings resulted in the late discovery of additional claims. (*Id.*) Ms. Bowling also correctly notes that Judge Wang told her she would be permitted to seek amendment if she complied with the *Gorsuch* standard. (Doc. # at 63 at 17; Doc. # 86 at 2.)

However, having not explained in her motion to amend why these challenges made her unable to meet the amendment deadline despite diligent efforts, Ms. Bowling did not comply with *Gorsuch*. *See Gorsuch*, 771 F.3d at 1240. In other words, Ms. Bowling did not give Judge Neureiter the opportunity to consider her asserted good cause for late modification of the Scheduling Order. An objection to a magistrate judge's recommendation is not the proper place to raise new arguments. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Because Plaintiff failed to address the correct legal standard, Judge Neureiter correctly denied the motion to amend.

Furthermore, Judge Neureiter correctly noted that IMLCC's initial disclosures would not have bearing on the requested amendments or supplements Ms. Bowling seeks. (Doc. # 85 at 5–7) This is because Ms. Bowling proposed amendments and supplements all relate to legal issues, or facts Ms. Bowling would have been aware of

prior to the deadline to amend. (*Id.*); *see also* (Doc. # 79-1.) In her Objection Ms. Bowling argues IMLCC's late-filed initial disclosures provided evidence of "fraud <u>in hand</u>," which she asserts she needed to plead an abuse of process claim. (Doc. # 86 at 4.) However, this conclusory statement is insufficient to establish Judge Neureiter erred in finding Ms. Bowling had knowledge of IMLCC's damages calculation, the alleged fraud, prior to the deadline for amendments. (Doc. # 85 at 6.) Pleadings do not require proof "in hand." They require only facts which, if taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Ms. Bowling's last argument regarding her good cause to modify the Scheduling Order is that late-repleading was required to clarify whether Texas or Colorado law applied to her state law claims. (Doc. # 86 at 6-7.) This argument is not persuasive for two reasons. First, in her Recommendation that IMLCC's Motion to Dismiss be denied in part, which was adopted and affirmed by the Court on July 16, 2021, Judge Wang determined that Colorado law applied to Ms. Bowling's surviving state law claims. (Doc. # 33 at 33–36); *see also generally* (Doc. # 38.) Second, Ms. Bowling again has not explained why this choice of law issue resulted in an inability to meet the March 21, 2022 amendment deadline despite diligent efforts. *See Gorsuch*, 771 F.3d at 1240.

Accordingly, because in her motion to amend Ms. Bowling failed to demonstrate good cause to justify the modification of the Scheduling Order, the Court overrules Plaintiff's Objection in this regard. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d

7

1000, 1020 (10th Cir. 2018) (affirming denial of motion to amend where the movant made "no arguments to show good cause for late amendment of the pleadings").

B.     AMENDMENT OR SUPPLEMENT OF PLEADINGS

Even were the Court to find that Ms. Bowling had established good cause to modify the Scheduling Order, the Court agrees with Judge Neureiter that Ms. Bowling's motion to amend was unduly delayed and that allowing Ms. Bowling to amend her counterclaims at this late stage in the litigation would be futile. (Doc. # 85 at 7–11.)

1.     Undue Delay

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002). Delay is undue "when the party filing the motion has no adequate explanation for the delay" or "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (quoting *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). In the Tenth Circuit, "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan*, 397 F.3d at 1315.

As discussed above, Ms. Bowling's Motion for Leave to File First Amended Complaint is untimely as she filed it approximately six months after the deadline for such motions. *See generally* (Doc. # 79); *see also* (Doc. # 63 at 17.) Further, Ms. Bowling's motion only provided Judge Neureiter a vague explanation as to the reason for her delay. (Doc. # 79 at 1.) Finally, Ms. Bowling knew, or should have known, the

facts upon which her proposed supplements and amendments were based well before the deadline for amendments—some as early as the onset of litigation. *See* (Doc. # 85 at 5–6.) Under these circumstances, the Court agrees with Judge Neureiter that Ms. Bowling's delay was "undue." *Duncan*, 397 F.3d at 1315; *Frank*, 3 F.3d at 1365–66.

    2.    <u>Futility</u>

A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)). Judge Neureiter determined that several of Ms. Bowling's proposed amendments or supplements are futile. He first determined that Ms. Bowling's abuse of process claim is futile because she has not plausibly alleged multiple elements of such a claim including that IMLCC's litigation against her is "devoid of factual support or . . . has no basis in law." (Doc. # 85 at 9 (citing *Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011) (quoting *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. App. 2005)))). Second, Judge Neureiter concluded Ms. Bowling's expanded libel claim against IMLCC's counsel is futile because attorneys are privileged to publish defamatory matter during proceedings. (Doc # 85 at 9–10 (citing *Buckhannon v. US W. Commc'ns, Inc.*, 928 P.2d 1331, 1335 (Colo. App. 1996), *as modified on denial of reh'g* (May 30, 1996))). Finally, Judge Neureiter explained that Ms. Bowling's proposed expansion of her IIED claim to include the present suit is also futile because the initiation of a lawsuit, even a meritless one, is not sufficiently outrageous conduct to support an IIED claim. (Doc. #

85 at 10–11 (quoting *Partminer Worldwide Inc. v. Siliconexpert Techs. Inc.*, No. 09-cv-00586-MSK- MJW, 2010 WL 502718, at *4 (D. Colo. Feb. 10, 2010))).

Ms. Bowling does not explicitly address Judge Neureiter's futility findings in her Objection. Rather, she argues that the additional abuse of process and misclassification claims are the only means by which she can seek to repair her reputation and to recover financial losses resulting from being wrongly classified as an independent contractor. (Doc. # 86 at 7–9.) This, however, is not a reason to reject Judge Neureiter's recommendation. Although Ms. Bowling may believe pursuing these claims is her only recourse, that does not establish that she has pled legally cognizable claims. After reviewing pertinent legal authority and the record, the Court is satisfied that Judge Neureiter's recommendation is sound with respect to the futility of Ms. Bowling's proposed amendments and supplements.

Therefore, the Court finds that IMLCC has adequately demonstrated that Ms. Bowling's Motion for Leave to File First Amended Complaint was unduly delayed and that allowing her to amend or supplement her countercomplaint at this point in the litigation would be futile. *See Wilkerson*, 606 F.3d at 1267.

### D.   CONCLUSION

For the foregoing reasons, the Court finds that Judge Neureiter's Recommendation is correct. The Court therefore ORDERS as follows:

- the November 3, 2022 Recommendation of United States Magistrate Judge N. Reid Neureiter (Doc. # 85) is AFFIRMED and ADOPTED as an order of this Court;

- Defendant/Counterclaimant Wanda Bowling's Objection is OVERRULED; and

- Defendant/Counterclaimant Wanda Bowling's Motion for Leave to File First Amended Complaint (Doc. # 79) is DENIED.

DATED: January 12, 2022.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge