**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 20-cv-02942-CMA-NRN

INTERSTATE MEDICAL LICENSURE COMPACT COMMISSION,

 Plaintiff,

v.

WANDA BOWLING,

 Defendant.

---

**ORDER DENYING MOTION TO RE-ISSUE PREVIOUS
ORDER OR TO CERTIFY PERMISSIVE APPEAL**

---

This matter is before the Court on Defendant/Counterclaimant Wanda Bowling's "Motion to Re-Issue Order Denying Defendants [sic] First Amended Countercomplaint or Certify Permissive Appeal Based on 28 U.S. Code § 1292(b)" (Doc. # 93). For the following reasons, the Court denies the motion.[1]

## I.   LEGAL STANDARDS

### A.   REVIEW OF PLEADINGS BY A *PRO SE* PARTY

Because Ms. Bowling is proceeding *pro se*, the Court "review[s] her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007)

---

[1] The Court exercises its discretion under D.C.COLO.LCivR 7.1(d) to rule on the Motion without awaiting the benefit of a Reply.

(citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for [her] where [her] allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [movant] in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

## B.   RECONSIDERATION

Construing Ms. Bowling's Motion liberally, the Court interprets it as first requesting reconsideration of its Order (Doc. # 92) Affirming and Adopting the Recommendation (Doc. # 85) of the United States Magistrate Judge (the "Order"). *See* (Doc. # 93 at 4.) Although the Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration of an interlocutory ruling, district courts have broad discretion to reconsider their ruling before the entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

the parties . . . may be revised at any time before the entry of a judgment."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted and alterations incorporated). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (alterations incorporated); *see Sanchez v. Hartley*, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice"). The Court may be guided by Rules 59 and 60 standards in deciding whether to alter or vacate an interlocutory order. *Perkins v. Fed. Fruit & Produce Co. Inc.*, 945 F. Supp.2d 1225, 1232 (D. Colo. 2013).

C.      **PERMISSIVE APPEAL**

Federal Rule of Civil Procedure 5(a)(3) permits a district court to amend an interlocutory order to include a statement authorizing an immediate appeal. Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.

If such certification is made, then the Court of Appeals may permit an appeal to be taken from such order. *Id.*

## II.      <u>ANALYSIS</u>

A.      **RECONSIDERATION OF THE COURT'S ORDER AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION**

Ms. Bowling has not presented a proper basis for reconsideration. She has not presented any new evidence or a change in the controlling law. Nor has Ms. Bowling presented a need to correct clear error or prevent manifest injustice. Rather, most of Ms. Bowling's arguments demonstrate a lack of understanding of federal civil procedure and the law related to her claims.

For example, one of Ms. Bowling's arguments is that the Court's "choice of [Colorado state tort law] causes confusion" because Ms. Bowling chose Texas law in her original countercomplaint. (Doc. # 93 at 9–10.) However, Ms. Bowling misunderstands the legal term of art "choice of law" as used by former Magistrate Judge Nina Y. Wang in her June 23, 2021 Amended Recommendation and Order. (Doc. # 33

at 31–36.) Outside a contractual choice-of-law clause, this phrase does not mean that a party is permitted to choose which state law they wish to apply to their claims. Rather, "choice of law" refers to the principles courts apply in resolving disputes where a "transaction or occurrence central to the case has connection to two or more jurisdictions." *See Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, No. 13-cv-00090-PAB-MJW, 2014 WL 3258409, at *7 (D. Colo. July 8, 2014); *Choice of Law*, BLACK'S LAW DICTIONARY (11th ed. 2019); *Conflict of Law*, BLACK'S LAW DICTIONARY (11th ed. 2019). Thus, despite Ms. Bowling's arguments, there is no confusion around the law applicable to her surviving state law claims. As stated in the Order, Judge Wang conclusively decided the issue. (Doc. # 92 at 7; Doc. # 33 at 31–36.)

Similarly, Ms. Bowling misunderstands federal civil procedure in her argument that the Court erred in applying standards regarding modifying a scheduling order to her Motion for Leave to File First Amended Complaint ("Motion to Amend"). (Doc. # 93 at 13–14, 17.) The Court was not "confusing" the standards. (*Id.* at 14.) Because the Scheduling Order's deadline for amending pleadings had already passed, in order to amend her Complaint, Ms. Bowling was first required to demonstrate that modifying the Scheduling Order was warranted. (Doc. # 85 at 3); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass' n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) **and** (2) satisfaction of the Rule 15(a) standard." (emphasis added)).

Ms. Bowling makes several other arguments that misunderstand legal principles. These include her arguments that

- the Court "insinuat[ed] Bowling has submitted several amendments and supplemental proceedings" (Doc. # 93 at 12–13),

- the Court's recitation of the standard of review applicable to *pro se* motions lacked foundation (*id.* at 13),

- the Court's finding that Ms. Bowling's Motion to Amend was unduly delayed "seems prejudicial and biased" (*id.* at 17–18),

- the Court erred in relying on *Gorsuch* and *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) due to some procedural differences (Doc. # 93 at 18–19), and

- the Court improperly dismissed Ms. Bowling's proposed expansion of her intentional infliction of emotional distress claim because "Courts cannot properly say whether a suit is 'meritorious' from pleadings alone." (*id.* at 20).

These arguments simply have no merit, are wrong, lack foundation, or suffer from all the above. Although the Court recognizes the complexity of federal civil procedure, *pro se* parties are held to the same rules as represented litigants. *Garett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Ms. Bowling's instant motion also repeats arguments previously made before this Court and are therefore not appropriate for a motion to reconsider. *Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1256. These include Ms. Bowling's arguments related to (1) the

language of Rule 15, (2) the requirements to successfully plead an abuse of process claim, (3) the timing of the deadline to amend pleadings in the instant case, and (4) the relief she seeks against Plaintiff. (Doc. # 93 at 8–10, 15–17, 19–21.) The Court addressed these arguments in its Order affirming Judge Neureiter's Recommendation and will not address them again. (Doc. # 92 at 5–10.)

Finally, to the extent Ms. Bowling seeks reconsideration based on arguments related to constitutional and due process rights (Doc. # 93 at 3–4), these arguments are also not appropriate because "arguments raised for the first time in a motion for reconsideration are not properly before the Court and generally need not be addressed." *O'Rourke v. Dominion Voting Sys. Inc.*, No. 20-cv-03747-NRN, 2021 WL 5548129, at *1 (D. Colo. 2021)).

Two federal judges of this Court have evaluated Ms. Bowling's Motion to Amend (Doc. # 79) and determined that the Motion failed for multiple reasons. In so doing, the Court reviewed Ms. Bowling's arguments in her initial motion seeking amendment, as well as her Objection to Judge Neureiter's Recommendation. (Docs. ## 79, 86.) The Court finds no clear error or manifest injustice in its January 12, 2023 Order Affirming and Adopting the Recommendation that Ms. Bowling's Motion to Amend be denied.

## B.  PERMISSIVE APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND FED. R. CIV. P. 5(a)(3)

As an alternative to reconsideration, Ms. Bowling asks the Court to amend its Order to include a certification that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from

the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court declines to do so.

Ms. Bowling lists three "Controlling Questions of Law and Substantive Procedural Process." (Doc. # 93 at 3–4.) These questions all imply that the Court violated Ms. Bowling's constitutional and due process rights in setting the Scheduling Order and in denying a motion to compel. (*Id.*) However, apart from stating these questions, Ms. Bowling does not brief these issues. Therefore, the Court declines to consider whether these questions present "substantial ground for difference of opinion." *See Drake*, 927 F.2d at 1159.

Ms. Bowling also lists 12 "Questions of Law Causing Deference [sic] of Opinions Analysis." (*Id.* at 11–21.) However, as discussed above, the majority of these questions demonstrate a misunderstanding of federal civil procedure and thus contain no "substantial ground[s] for difference of opinion." 28 U.S.C. § 1292(b). There is also no "substantial ground for difference of opinion" on the remainder of Ms. Bowling's arguments—those addressed previously in the Court's Order. The legal principles the Court applied in denying Ms. Bowling's Motion to Amend are all well-established and based on extensive case law. *See, e.g.*, *Gorsuch*, 771 F.3d at 1240 (ratifying the previously established good cause requirement when a party seeks to amend pleadings after a scheduling order deadline); *see also Schimmer v. State Farm Mut. Auto. Ins. Co.*, No. 05-cv-02513-MSK, 2006 WL 3097768, at *2 (D. Colo. Oct. 31, 2006) (finding there was "[a]rguably . . . substantial ground for difference of opinion" on an issue of first impression within the United States Court of Appeals for the Tenth Circuit).

Finally, Ms. Bowling contends that an immediate appeal as to her request to amend and supplement her claims will advance the termination of this litigation because otherwise, she will appeal after final judgment which will likely result in re-litigation of her claims. (Doc. # 93 at 4.) However, an interlocutory appeal "obviously has drastic effects on the underlying litigation because it virtually halts the lawsuit in its tracks until the court of appeals can weigh in on the contested decision." *Howards v. Reichle*, No. 06-cv-01964-CMA-CBS, 2009 WL 2338086, at *2 (D. Colo. July 28, 2009) (citing *Stewart v. Donges*, 915 F.2d 572, 575–76 (10th Cir. 1990)). 28 U.S.C. § 1291—which provides for appeals only from "final decisions"—effectively determined that it is most efficient to "combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Ms. Bowling is certainly entitled to appeal the final decision in this case, but the Court will not go against Congress's will by allowing an interlocutory appeal solely because a party intends to file an appeal in the future.

### III.    CONCLUSION

For the foregoing reasons, Defendant/Counterclaimant Wanda Bowling's "Motion to Re-Issue Order Denying Defendants [sic] First Amended Counterclaim or Certify Permissive Appeal Based on 28 U.S. Code § 1292(b)" (Doc. # 93) is DENIED.

DATED: February 15, 2023.

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge