IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-02942-CMA-NRN

INTERSTATE MEDICAL LICENSURE COMPACT COMMISSION,

    Plaintiff,

v.

WANDA BOWLING,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant Wanda Bowling's ("Ms. Bowling") Motion for Relief From Judgment or Order (Doc. # 155) and Ms. Bowling's Motion for Disqualification of Senior Judge Christine M. Arguello and Magistrate Judge N. Reid Neureiter (Doc. # 156). For the following reasons, the Court denies both motions.

    **I.**    **BACKGROUND**

Both this Court's August 24, 2023 Order on summary judgment and the Tenth Circuit's August 30, 2024 Decision include a sufficient recitation of the factual and procedural background of this case. *See* (Docs. ## 125 at 2−9, 137-1 at 3−5). The Court incorporates those background sections herein by reference. Accordingly, the Court will reiterate the factual and procedural background only to the extent necessary to address Ms. Bowling's Motions.

This Court affirmed and adopted Judge Nina Y. Wang's recommendation denying Ms. Bowling's Motion to Dismiss and granting in part and denying in part Plaintiff Interstate Medical Licensure Compact Commission's ("IMLCC") Motion to Dismiss, leaving Ms. Bowling's state law counterclaims for wrongful termination, libel, and intentional infliction of emotional distress. (Doc. # 38.) This Court then affirmed and adopted Magistrate Judge N. Reid Neureiter's recommendation denying Ms. Bowling's Motion for Leave to File First Amended Countercomplaint, in which Ms. Bowling sought to replead her previously dismissed misclassification counterclaim, to add a new abuse of process counterclaim, and to "expand" upon her claims for libel and intentional infliction of emotional distress. (Doc. # 92.) In that same Order, this Court overruled Ms. Bowling's Objection to Magistrate Judge Neureiter's recommendation. (*Id.*)

On August 24, 2023, this Court granted summary judgment in favor of Plaintiff Interstate Medical Licensure Compact Commission ("IMLCC") on its breach of contract claim and against Ms. Bowling on her state law counterclaims for wrongful termination, libel, and intentional infliction of emotional distress. (Doc. # 125.)

Ms. Bowling appealed this Court's rulings as to: (1) subject-matter jurisdiction; (2) granting summary judgment to IMLCC on its contract claim and awarding damages; (3) denying Ms. Bowling's untimely motion for leave to amend her misclassification counterclaim; and (4) ruling against Ms. Bowling on her libel counterclaim on summary judgment.[1] *See* (Doc. # 137-1 at 2−3). She was represented on appeal by Attorney

---

[1] Ms. Bowling did not appeal the Court's rulings against her on her wrongful termination and intentional infliction of emotional distress counterclaims. *See* (Doc. # 137-1 at 2 n.1) ("Ms. Bowling also counterclaimed for intentional infliction of emotional distress and wrongful

2

Matthew Cushing and his students in the Appellate Advocacy Program based at the University of Colorado Law School. *See, e.g.,* (Doc. # 137-1 at 1).

The Tenth Circuit (1) held that this Court had subject-matter jurisdiction over this case finding that IMLCC adequately alleged facts supporting an amount in controversy over $75,000, (2) affirmed this Court's ruling denying Ms. Bowling's untimely motion for leave to amend her misclassification counterclaim, and (3) affirmed this Court's summary judgment ruling against Ms. Bowling on her libel counterclaim. (Doc. # 137-1 at 6−12, 27−37.) Although the Tenth Circuit found that this Court erred in sua sponte granting summary judgment in favor of IMLCC on Ms. Bowling's libel counterclaim based on a qualified privilege defense, it nevertheless affirmed this Court's ruling because IMLCC's alleged libelous statements were substantially true. (Doc. # 137-1 at 30−37.) Finally, the Tenth Circuit reversed this Court's grant of summary judgment to IMLCC on its contract claim, finding that the contract was ambiguous on Ms. Bowling's duty to return login information. (Doc. # 137-1 at 12−27.)

After the Tenth Circuit's ruling and remand back to this Court on IMLCC's breach of contract claim, this Court referred the case to Magistrate Judge Neureiter for early neutral evaluation pursuant to D.C.COLO.LCivR 16.6(a). (Doc. # 140.) Per the uniform practice standards for Magistrate Judges at rule VII.6, "Judge Neureiter requires separate pre-settlement conference calls with each counsel." In line with this practice

---

termination. But these counterclaims are not at issue in the appeal."). *See also* (USCA Doc. # 59 at 27 n.11, Ms. Bowling's Reply Brief) ("The Commission addresses why other counterclaims such as intentional infliction of emotional distress should not have been permitted to be amended. *See* Resp. Br. at 23−24. Only the misclassification counterclaim is at issue here. *See* Op. Br. at 48−54.").

standard, Magistrate Judge Neureiter ordered lead counsel for each party[2] to directly and separately call his Chambers "for a 15-20 minute long call with the Court to discuss the nature of the case, the settlement demands, the respective positions of the parties, and any potential impediments to settlement they might foresee." (Doc. # 143.) On February 6, 2025, Magistrate Judge Neureiter entered a Minute Order stating the following:

> In advance of the Mediation/Early Neutral Evaluation currently set for February 7, 2025 at 9:00 a.m., per the Court's normal process, the Court conducted telephone calls separately with Plaintiff and Defendant on February 5, 2025 and February 6, 2025 to discuss the status of the case, the parties' respective positions, and assess potential pathways toward resolution of this case. *See* ECF No. 149. Based upon these conversations, and the respective positions of the Parties, it appears that there is no possibility that discussions tomorrow will bear fruit.
>
> Accordingly, and with the consent of both parties, it is hereby ORDERED that the Early Neutral Evaluation set on February 7, 2025 at 9:00 a.m. is VACATED.

(Doc. # 151.)

Later that month, IMLCC moved to dismiss the only remaining claim left in this case—its breach of contract claim against Ms. Bowling—with prejudice. (Doc. # 153.) That same day, on February 27, 2025, this Court granted IMLCC's motion to voluntarily dismiss its claim with prejudice and entered an Order of Dismissal with Prejudice. (Doc. # 154.) On March 18, 2025, , Ms. Bowling filed her Motion for Relief From Judgment or Order (Doc. # 155) and Motion for Disqualification of Senior Judge Christine M. Arguello and Magistrate Judge N. Reid Neureiter (Doc. # 156).

---

[2] At this point, Ms. Bowling was again representing herself pro se.

## II. LEGAL STANDARDS

### A. REVIEW OF PLEADINGS BY A PRO SE PARTY

The Court "review[s a pro se party's] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for [her] where [her] allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a [movant]'s complaint or construct a legal theory on a [movant]'s behalf"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [movant] in the absence of any discussion of those issues"). Further, pro se litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

### B. FEDERAL RULE OF CIVIL PROCEDURE 60

Federal Rule of Civil Procedure 60(b) states, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .

      (4) the judgment is void;

      .    .    .

      (6) any other reason that justifies relief.

Federal Rule of Civil Procedure 60(d) states, in relevant part:

      (d) Other Powers to Grant Relief. This rule does not limit a court's power to:

          (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

          .    .    .

          (3) set aside a judgment for fraud on the court.

## C.    DISQUALIFICATION OF JUDGES

28 U.S.C.A. § 455(a) and (b) state, in relevant part:

      (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

      (b) He shall also disqualify himself in the following circumstances:

          (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

   .    .    .

          (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

   .    .    .

          (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

               .    .    .

               (ii)    Is acting as a lawyer in the proceeding[.]

### III.   DISCUSSION

Ms. Bowling moves for relief from judgment or order pursuant to Federal Rules of Civil Procedure 60(b)(4) & (6) and 60(d)(1) & (3). *See* (Doc. # 155 at 2). In sum, she alleges that the judgment by the Court dismissing this case with prejudice is void because there was fraud both on the Court and by the Court in violation of her constitutional right to due process. *See generally* (Doc. # 155). She also claims that her grievances, including her dismissed counterclaims and denied Motion to Amend her Counterclaims by this Court, constitute an independent action under Federal Rule of Civil Procedure 60(d)(1). *See* (*id.* at 3, 10). She further claims that pursuant to 28 U.S.C.A. § 455(a) & (b), Judge Arguello and Magistrate Judge Neureiter must be disqualified from this case, largely due to an alleged professional relationship between Magistrate Judge Neureiter and her attorney on appeal, Matthew Cushing. *See generally* (Doc. # 156).

For the following reasons, this Court finds that there is no basis for relief from judgment or order nor for disqualification of either Judge Arguello or Magistrate Judge Neureiter.

**A.   TENTH CIRCUIT AFFIRMED THIS COURT'S DENIAL OF MOTION FOR LEAVE TO AMEND COUNTERCLAIMS AND DISMISSAL OF LIBEL COUNTERCLAIM ON SUMMARY JUDGMENT**

In her Motion for Relief, Ms. Bowling inappropriately attempts to rehash substantive arguments she already lost on appeal to the Tenth Circuit. *See* (Doc. # 155 at 14−18 (rearguing the denial of her untimely Motion for Leave to Amend Counterclaims affirmed on appeal), 21−24 (rearguing her dismissed wrongful

7

termination counterclaim, which she never appealed), 25−29 (rearguing the dismissal of her libel counterclaim affirmed on appeal), 29−31 (rearguing the dismissal of her intentional infliction of emotional distress counterclaim, which she never appealed)). As discussed in Section I above, the Tenth Circuit held that this Court had subject-matter jurisdiction over this case and affirmed this Court's rulings denying Ms. Bowling's untimely Motion for Leave to Amend her Counterclaims and granting summary judgment against her as to her libel counterclaim. *See* (Doc. # 137-1 at 2, 6−12, 27−37).

Ms. Bowling is precluded from reasserting those legal arguments as the basis for an independent action under Rule 60(d)(1). *See United States v. Akers*, No. 23-3016, 2023 WL 5995457, at *1−2 (10th Cir. Sept. 15, 2023) (the defendant alleged fraud on the court after prior rulings were affirmed). In *Akers*, the Tenth Circuit found that the defendant misrepresented that his Rule 60 motion was an independent action that "ha[d] nothing to do with the under-lying [*sic*] elements in the [prior] proceedings as far as determination of the merits of the case." *Id.*, at *1. Instead, the defendant's challenge "lead[] inextricably to a merits-based attack on the disposition" of the prior proceedings and, thus, the "[d]efendant's proposed Rule 60 motion is an unauthorized second or successive motion under" the original claimed statute. *Id.* This is exactly what has happened in this case, as well.

In support of her allegation that there has been fraud on the Court, Ms. Bowling makes the conclusory allegation that IMLCC "filed a fraudulent lawsuit, submitted fraud as evidence, and severely perjured themselves in volumes of depositions, interrogatories, and communications to the public." *See* (Doc. # 155 at 37). The facts of

this case, including material disputed facts, were discussed in detail throughout this case in Orders by Magistrate Judge Neureiter, this Court, and the Tenth Circuit. The facts made clear that not only was Ms. Bowling appropriately denied leave to file amended counterclaims, but that she could not survive summary judgment as to her libel counterclaim as a matter of law.

The Court finds that the judgment of this Court is not void, that there is no basis for an independent action on Ms. Bowling's appropriately dismissed counterclaims, nor is there any other reason that justifies relief from an order or judgment.

**B.     NO CREDIBLE EVIDENCE OF FRAUD BY THE COURT MAKING DISQUALIFICATION OF JUDGES INAPPROPRIATE**

The crux of Ms. Bowling's Motion for Disqualification of both Magistrate Judge Neureiter and Judge Arguello is based on speculative and spurious allegations for which there is no support in the record:

> The previous appeal process was fraud on the court. New information has surfaced by a recent discovery proving to Bowling, that both Judge Neureiter and Judge Arguello are guilty of misconduct and their violations of Bowling's constitutional protections were intentional without any regard to court integrity.
>
> In 1/2025, Bowling discovered her unsolicited Appellate Attorney, Matthew Cushing, is a current colleague of Judge Neureiter. Judge Neureiter is a professor alongside Matthew Cushing sharing the same building and sharing students. *See* Appendix A and B[.]
>
> After Bowling's Notice of Appeal, the court contacted Matthew Cushing to acquire Bowling's appeal(unbeknownst to Bowling)(have email). Unsolicited, Matthew Cushing reached out to Bowling. Experiencing relentless sales pitches through Bowling's objections, Bowling acquiesced and hired Cushing. Cushing proceeded to write an appeal that omitted every violation by Neureiter and Arguello that Bowling discussed with him(Cushing). Bowling lost every right to remedy in the Appellate court

9

> due to Cushing's omissions, rather concealment of fraud on the court. Cushing's protection of Neureiter and Arguello appears engineered.
>
> .   .   .
>
> It was unlawful for the court to call the Judge's current colleague (Matthew Cushing), request he route around Bowling to convince Bowling he is just an interested attorney who would like to help her appeal. Then as an attorney, proceed to write an Appeal that conceals the courts violations of constitutional protections. If this was innocent, Judge Neureiter should have recused himself and the attorney, Cushing, should have disclosed that the Judge is his current colleague. Both the Judge and Attorney are guilty of misconduct in thwarting Bowling's rights to remedy and a fair appeal. The poor appeal appears to be intentional to hide the district courts violating adjudication. The Appeal was fraud on the court.

(Doc. # 156 at 2, 33.)

Ms. Bowling's conspiracy theories and accusations of fraud are nothing but baseless and unsupported speculation. Contrary to Ms. Bowling's allegations, neither Magistrate Judge Neureiter nor Judge Arguello contacted Attorney Cushing regarding Ms. Bowling's appeal. Neither Magistrate Judge Neureiter nor Judge Arguello ever spoke to Attorney Cushing regarding any facet of Ms. Bowling's appeal.

Years ago, Magistrate Judge Neureiter taught one class at the University of Colorado Law School as an adjunct professor. However, he does not know Attorney Matthew Cushing and has never had any connection to Mr. Cushing's Appellate Advocacy Program.

Further, Mr. Cushing and his students' work on her appeal was far from "throwing her case" as she alleges. *See* (Doc. # 155 at 7). In fact, her appeal was *successful* because the Tenth Circuit reversed this Court's grant of summary judgment in favor of

IMLCC on its contract claim.[3] Ms. Bowling also alleges that this Court demonstrated bias against her when it sua sponte granted summary judgment against Ms. Bowling's on her libel counterclaim based on a qualified immunity defense. Although, the Tenth Circuit reversed this Court's sua sponte ruling, it nonetheless found that Ms. Bowling's libel counterclaim failed as a matter of law based on substantial truth.

Finally, Ms. Bowling's allegations that Magistrate Judge Neureiter's *ex parte* communications with each party in advance of the Mediation/Early Neutral Evaluation were somehow inappropriate is quickly put to bed. As discussed in Section I above, early settlement discussions with each party separately is a uniform practice standard for Magistrate Judges to determine whether Mediation/Early Neutral Evaluation would be productive or simply a waste of the parties' time and money.

The Court finds that there is no credible evidence of any of the factors in 28 U.S.C.A. § 455(a) and (b) to question the Court's impartiality or conduct in deciding this case. Thus, there is no evidence of either fraud *on* or *by* the Court and there is no basis for disqualification of either Judge Arguello or Magistrate Judge Neureiter.

### C.   NO RIGHT TO OBJECT OR RESPOND TO VOLUNTARY DISMISSAL

Ms. Bowling argues misconduct and fraud by this Court because she was not provided with an opportunity to object to or disagree with IMLCC's motion to dismiss the only remaining claim left in this case—its breach of contract claim against Ms. Bowling—with prejudice (Doc. # 153) before the Court entered an Order of Dismissal

---

[3] Simply because Ms. Bowling may disagree with one reasonable interpretation of the facts in the Court's summary judgment Order does not mean the Court "falsified facts." *See* (Doc. # 155 at 37−38).

with Prejudice that same day, February 27, 2025 (Doc. # 154). *See* (Doc. # 155 at 36−37). However, IMLCC was moving to dismiss its own claim against Ms. Bowling with prejudice. Further, Ms. Bowling had no remaining counterclaims against IMLCC on remand of the case. Ms. Bowling had no right to object to or respond to IMLCC's motion to dismiss *its* breach of contract claim. Therefore, the Court appropriately dismissed this case with prejudice on February 27, 2025.

## IV.    CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant Wanda Bowling's Motion for Relief From Judgment or Order (Doc. # 155) is DENIED. It is

FURTHER ORDERED that Defendant Wanda Bowling's Motion for Disqualification of Senior Judge Christine M. Arguello and Magistrate Judge N. Reid Neureiter (Doc. # 156) is DENIED.

DATED: June 24, 2025

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge